**Lisa Hillivi BROWN, Plaintiff,**

v.

**CITY OF AURORA, Defendant.**

**No. 95 C 2373.**

United States District Court, N.D. Illinois, Eastern Division.

March 31, 1997.

Fred Ronald Kimmel, Fred R. Kimmel & Associates, Chicago, IL, for Plaintiff.

Charles W. Pautsch, Kerry E. Dwyer, Wessels & Pautsch, Milwaukee, WI, Renee LeGrand Powell, Wessels & Pautsch, Chicago, IL, for Defendant.

## MEMORANDUM OPINION AND ORDER

ALESIA, District Judge.

This matter is before the Court on Plaintiff's motion to reinstate. For the reasons discussed hereafter, the motion is denied.

## I. BACKGROUND

Plaintiff Lisa Hillivi Brown, a black female, began employment with the Defendant City of Aurora's Police Department in April 1990. She was terminated due to performance deficiencies. Brown filed a complaint alleging that she was terminated due to her race and/or sex in violation of Title VII, 42 U.S.C. § 2000e et seq.

Following the denial of the City of Aurora's motion for summary judgment, settlement negotiations ensued. The Court received a letter from Brown recounting the negotiations. Brown stated that on January 20, 1997, her attorney contacted her and informed her that the City of Aurora wanted to settle the case for $5,000. Brown said "no." Brown wanted $20,000.

On January 22, 1997, Brown's attorney contacted her and stated that a settlement had been reached for $15,000. The attorney recommended that she accept the offer and told her that she had 30 minutes to decide. Brown said that she would call him back in 5 minutes. Apparently, Brown was reluctant to accept the $15,000 offer for various reasons; but, after discussing the matter with her mother, in her own words, she "agreed to the settlement of $15,000." Indeed, she communicated her acceptance to her attorney and he notified defense counsel. As far as the attorneys were concerned, the case was settled.

On February 3, 1997, Brown sent her attorney a letter stating that she would not settle the case for $15,000. Brown now wants the Court to reinstate the case.

## II. DISCUSSION

 It is clear that a "plaintiff may waive his cause of action under Title VII as part of a voluntary settlement." Glass v. Rock Island Refining Corp., 788 F.2d 450, 454 (7th Cir.1986). The waiver is effective, however, only if the plaintiff's consent to the settlement was "voluntary and knowing." Id. The settlement need not be reduced to writing, an oral agreement is enforceable as long as it was knowingly and voluntarily entered into by the plaintiff or the plaintiff authorized the attorney to settle the dispute.

*Id.* Importantly, "[a] party to a settlement cannot avoid the agreement merely because he subsequently believes the settlement insufficient—If a party to a Title VII suit who has previously authorized a settlement changes his mind ... that party remains bound by the terms of the agreement." *Id.* at 454–55.

■ "Whether a plaintiff knowingly and voluntarily agreed to settle his Title VII claims is a question of fact." *Id.* at 455. Based on Brown's letter to the Court, the Court does not find it necessary to conduct a hearing on this matter. It appears clear to the Court that Brown knowingly and voluntarily agreed to settle her Title VII claims for $15,000.

The Court has affidavits from two of Brown's attorneys and counsel for the City of Aurora. All of the affiants state that the case settled for $15,000.

More importantly, however, is Brown's letter. As noted above, she requested $20,000, but, in her own words, "agreed to the settlement of $15,000." By initially requesting $20,000, Brown obviously had some insight as to what her case was worth. When Brown's attorney contacted her by telephone informing her of the $15,000 settlement offer, he advised her that she should take the offer. Brown wanted time to think about it. She telephone; her mother for advice. Shortly thereafter, Brown "agreed to the settlement of $15,000" and communicated her intentions to her attorney, who, in turn, informed defense counsel. Brown's letter supports the conclusion that she knowingly and voluntarily agreed to settle the case for $15,000.

### III. *CONCLUSION*

Brown is bound by the terms of her agreement. Merely because Brown now believes, in hindsight, that her case was worth more than $15,000 is not a sufficient basis to disregard the agreement entered into by the parties. Brown's motion to reinstate the case is denied.